**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| JOHN B. DAVIDSON, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br>v.<br><br>HENKEL CORPORATION, HENKEL OF AMERICA, INC., and HENKEL CORPORATION DEFERRED COMPENSATION AND SUPPLEMENTAL RETIREMENT PLAN and its COMMITTEE AS ADMINISTRATOR OF THE HENKEL CORPORATION DEFERRED COMPENSATION AND SUPPLEMENTAL RETIREMENT PLAN,<br>        Defendants. | Case No. 12-cv-14103-GAD-DRG<br><br>Hon. Gershwin A. Drain<br><br>Hon. David R. Grand |

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS [#96] TO THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY AND PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS**

**I.  INTRODUCTION**

On September 14, 2012, Plaintiff, John B. Davidson, filed the instant class action[1] Complaint pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. ("ERISA"), against Defendants, Henkel Corporation, Henkel of America, Inc. and Henkel Corporation Deferred Compensation and Supplemental Retirement Plan (collectively "Defendants"), seeking to recover plan benefits from Defendants.  Presently before the court

---

[1]  The issue of class action treatment is not presently before the Court.

is Plaintiff's Objection to the Magistrate Judge's Order Denying Plaintiff's Second Motion to Compel Discovery and Plaintiff's Motion to compel Compliance with Subpoenas [#96].

## II. FACTUAL BACKGROUND

Plaintiff sent his first set of interrogatories to Defendant in October of 2013. Plaintiff sought information on any compromise Defendants made with the Internal Revenue Service ("IRS"). Plaintiffs wanted to secure information regarding how any compromise with the IRS would affect him and other class members. Defendants responded by arguing such communications were privileged communications between counsel and a third party whose assistance was required in order to ensure they were meeting their obligations under Federal Insurance Contributions Act ("FICA").

## III. LAW AND ANALYSIS

### A. Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure provides for review of magistrate judge orders on nondispositive matters. The district court judge can modify or set aside a magistrate judge's order if it is clearly erroneous or contrary to the law. *See* Fed. R. Civ. P. 72(a). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If there are two plausible views of a matter, then a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). The district court must answer the question of whether the magistrate judge's conclusion was reasonable. *Heights Cmty. Congress v. Hilltop Realty, Inc.* 774 F.2d 135, 140 (6th Cir. 1985)

### B. Plaintiff's Objections

First, Plaintiff objects to the magistrate judge's findings that defendants' communications between their counsel and tax issues consultant are privileged. Plaintiff argues that the magistrate incorrectly placed the burden on him to prove the communications were privileged. Defendants' correctly argued that they sought legal advice from counsel in order ensure they complied with FICA, which is a separate duty from managing the Plaintiff's benefit fund. Defendants were seeking advice on how to meet a legal obligation. The magistrate judge held that plaintiff had to overcome this assertion. *See* Hr'g Tr. at 47, ln 16-20. Thus, there was no improper shifting of the burden. The third party in this case is a firm that offers accounting and payroll services to large corporations like the Henkel Corporation. Seeking the firm's assistance was necessary in order for Defendants' counsel to offer legal advice. *See Jenkins v. Bartlett*, 487 F.3d 482, 491 (7th Cir. 2007); *see also Arkwright Mut. Ins. Co. of Pittsburgh*, 19 F.3d 1432 (6th Cir. 1994) (holding the privilege encompasses statements made to the attorney's agent for the goal of obtaining legal advice). This objection is unavailing.

Second, Plaintiff argues the court failed to apply the fiduciary exception to attorney-client privilege to communications between counsel and its law firm's lawyers in the benefits management group. The magistrate judge held that Defendants were acting on their own behalf in order to ensure FICA compliance. Plaintiff argues waiver because Defendants listed the benefits attorneys as witnesses. Defendants hired their counsel for advice on their tax liability, thus privilege applies to these communications as well. The *Reed* factors in both parties' briefings on the Motions are met for these communications. *See Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998). The attorneys listed as witnesses can still testify to the facts surrounding the communication, but cannot testify about the substance of the communication due to

3

privilege. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). Plaintiffs also argue the magistrate judge did not apply the fiduciary exception for the roles defendants and their counsel played for Plaintiffs. ERISA did not impose such a role on the defendants and neither does FICA. Any attempts by Defendants to meet their own FICA obligations were done by Defendants for Defendants. The fiduciary exception to privilege does not apply. This objection is unavailing.

Lastly, plaintiffs suggest *in camera* review would effectively resolve the privileges issues raised. At the hearing on these motions Plaintiff had an opportunity to rebut Defendants' claims of privilege and failed to do so. *In camera* review will not change the facts already established below about these communications. The Court declines to conduct an *in camera review*.

### IV. Conclusion

For the reasons mentioned above, Plaintiff's Objections [#96] are OVERRULED and Magistrate Judge David R. Grand's Order [#91] is AFFIRMED.

SO ORDERED.


Dated: September 11, 2014          /s/Gershwin A Drain
                                   GERSHWIN A. DRAIN
                                   UNITED STATES DISTRICT JUDGE