UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN B. DAVIDSON, individually and on behalf of others similarly situated,

Plaintiff,

v().

HENKEL CORPORATION, HENKEL OF AMERICA, INC., & HENKEL CORPORATION DEFERRED COMPENSATION AND SUPPLEMENTAL RETIREMENT PLAN and its COMMITTEE AS ADMINISTRATOR OF THE HENKEL CORPORATION DEFERRED COMPENSATION AND SUPPLEMENTAL RETIREMENT PLAN,

Defendants.
_____/

Case No. 12-cv-14103

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**JUDGMENT AND ORDER APPROVING FINAL SETTLEMENT**

WHEREAS, the Named Plaintiff John B. Davidson, on behalf of himself and members of the class ("Class") and Henkel Corporation, Henkel of America, Inc., and Henkel Corporation Deferred Compensation and Supplemental Retirement Plan and its Committee as Administrator of the Henkel Corporation Deferred Compensation and Supplemental Retirement Plan (collectively "Henkel" or "Defendants" and together with Named Plaintiff and Class, collectively the "Settling Parties") entered into a Settlement Agreement dated September 18, 2015, that provides for the payment of $3,350,000 (inclusive of attorneys' fee and costs) and a complete dismissal against Defendants on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated September 28, 2015 (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement; (b) ordered that notice of proposed

Settlement be provided to members of the Class; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class; and

WHEREAS, the Court conducted a hearing on December 8, 2015 ("Final Approval Hearing") to (a) determine whether the Settlement should be approved by the Court as fair, reasonable and adequate; (b) determine whether judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Action against Defendants with prejudice and extinguishing and releasing all Released Claims (as defined therein) against all Henkel Releasees; (c) rule on Class Counsel's application for an award of Attorneys' Fees and the reimbursement of Litigation Expenses and Notice and Administration Costs; (d) rule on the Named Plaintiff's request for a Service Award; and (e) rule on such other matters as the Court may deem appropriate.

The Court has considered all matters submitted to it at the Final Approval Hearing and otherwise, the pleadings on file, the applicable law, and the record.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court, for purposes of this Final Order adopts all defined terms as set forth in the Settlement Agreement, and incorporates them herein by reference as if fully set forth.

2. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

3. The Notice and the notice methodology implemented pursuant to the Settlement Agreement and the Court's orders: (i) constituted the best notice practicable under

the circumstances to all persons within the definition of the Class; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement Agreement, including releases, of their right to object to the proposed Settlement, of their right to participate in the Settlement, and of their right to appear at the Final Approval Hearing; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

4. Pursuant to and in accordance with Rule 23 of the Federal Rules of Civil Procedure, the Settlement, including, without limitation, the Settlement Amount, the releases set forth therein, and the dismissal with prejudice of the Released Claims against the Released Parties set forth therein, is finally approved as fair, reasonable and adequate. The Settling Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with the Settlement Agreement, and the Clerk of this Court is directed to enter and docket judgment in the Action accordingly.

5. The Action and the Complaint and all claims included therein, as well as all Released Claims (defined in the Settlement Agreement), are dismissed with prejudice as against each and all of the Henkel Releasees (defined in the Settlement Agreement). All Class Members on behalf of themselves and their respective predecessors, successors and assigns, are hereby deemed to have finally, fully, and forever released, relinquished, and discharged all of the Henkel Releasees from the Released Claims.

6. Except as otherwise provided in the Settlement Agreement, the Settling Parties are to bear their own attorneys' fees and costs.

7. Notwithstanding Paragraph 5, nothing in this Final Order shall bar any action or claim by any of the Settling Parties to enforce or effectuate the terms of the Settlement Agreement or this Final Order.

8. This Final Order and the Settlement Agreement, including any provisions contained in the Settlement Agreement, any negotiations, statements, or proceedings in connection therewith, or any action undertaken pursuant thereto:

    a. shall not be admissible in any action or proceeding for any reason, other than an action to enforce the Settlement terms; and

    b. is not, and shall not be deemed, described, construed, offered or received as evidence of any presumption, concession, or admission by any person or entity of the truth of any fact alleged in the Action; the validity or invalidity of any claim or defense that was or could have been asserted in the Action or in any litigation; the amount of damages, if any, that would have been recoverable in the Action; or any liability, negligence, fault, or wrongdoing of any person or entity.

9. Henkel Corporation, or its designee, shall be responsible for making all payments and distributions from the Gross Settlement Fund pursuant to the Plan of Allocation and as provided in the Settlement Agreement.

10. The Plan of Allocation is approved as fair and reasonable, and Class Counsel is directed to administer the Settlement in accordance with the terms and provisions of the Settlement Agreement.

11. The Court further finds that the Named Plaintiff and Class Counsel adequately represented the Class Members in entering into and implementing the Settlement.

12. No Class Member shall have any claim against Class Counsel or Defendants based on the distributions made substantially in accordance with the Settlement Agreement and Plan of Allocation as approved by the Court and further orders of the Court.

13. Any order approving or modifying the Plan of Allocation set forth in the Notice, the application by Class Counsel for an award of Attorneys' Fees and reimbursement of Litigation Expenses and Notice and Administration Costs, or the application for Named Plaintiff's Service Award, shall not disturb or affect the finality of this Final Order or the Settlement Agreement.

14. The Notice stated that Class Counsel would move for Attorneys' Fees in an amount not to exceed $1,290,000 from the Gross Settlement Fund, and Litigation Expenses in an amount not to exceed $36,000. In their Motion for Final Approval, Class Counsel requested Attorneys' Fees of $1,286,023.08 from the Gross Settlement Fund and Litigation Expenses of $35,858.92.

15. Class Counsel is hereby awarded a total of _____ in Attorneys' Fees and _____ in Litigation Expenses pursuant to 29 U.S.C. §1132(a) and (g), which sum the Court finds to be fair and reasonable. The foregoing award of fees and expenses shall be paid to Class Counsel, The Miller Law Firm, P.C., from the Gross Settlement Fund, and such payment shall be made at the time and in the manner provided in the Settlement Agreement.

16. The Named Plaintiff, John B. Davidson as a Service Award is awarded $15,000 for his service, costs and expenses directly relating to the representation of the Class, which sum the Court finds to be fair and reasonable. The foregoing award shall be paid to the

Named Plaintiff from the Gross Settlement Fund, and such payment shall be made at the time and in the manner provided in the Settlement Agreement.

17. In making this award of Attorneys' Fees and Litigation Expenses and the Service Award to be paid from the Gross Settlement Fund, the Court has considered and found that:

   a. The Settlement includes a gross cash award of $3,350,000 (three million, three hundred and fifty thousand dollars), which includes Attorneys' Fees and Litigation Expenses and provides for recovery of an amount equal to each Class Member's decreased benefits attributable to Defendants' failure to withhold FICA taxes in accordance with the Special Timing Rule, along with 5% interest on past damages and a 40% tax gross up as defined in the Plan of Allocation, which will provide substantial benefit to the Class Members;

   b. The Settlement also provides for valuable, yet unquantified relief in the form of an abatement of the assessment of FICA to the Nonqualified Benefits received by any Surviving Spouse of any deceased Class Member effective January 1, 2015. The Settlement further provides for indemnification of the Surviving Spouse in the event the IRS, an administrative agency, court, audit or Henkel determines that Defendants must assess FICA to the Nonqualified Benefits received by the Surviving Spouse after January 1, 2015. The Settlement additionally provides for indemnification of any Class Member in the event the IRS, an administrative agency or court determines that any Class Member owes FICA on Nonqualified Benefits for any of the tax years prior to 2011, arising from Defendants' failure to properly determine FICA liability on Class Member Nonqualified Benefits for those tax years.

c. Notice was disseminated to Class Members stating that Class Counsel were moving for Attorneys' Fees not to exceed $1,290,000 from the Gross Settlement Fund, and for Litigation Expenses in an amount not to exceed $36,000. Class Counsel filed their application for Attorneys' Fees and reimbursement of Litigation Expenses 14 days prior to the deadline for objections in this Action, and ____ objection was filed by a Class Member against the terms of the proposed Settlement or Attorneys' Fees and Litigation Expenses contained in the Notice and Class Counsel's application;

d. Class Counsel has conducted the litigation and achieved the Settlement in good faith and with skill, perseverance and diligent advocacy;

e. The Action involves complex factual and legal issues and was actively prosecuted for over three years, proceeded until trial was imminent, and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

f. The parties filed multiple motions including a motion to dismiss, numerous discovery motions, a motion for class certification and motions for summary judgment and partial summary judgment, along with extensive supplemental briefing;

g. Had Class Counsel not achieved the Settlement there would remain a significant risk that the Named Plaintiffs and the Class may have recovered substantially less from the Defendants;

    h. The amount of Attorneys' Fees and Litigation Expenses awarded from the Gross Settlement Fund are fair and reasonable under all of the circumstances and consistent with awards in similar cases; and

    i. The Service Award is fair and reasonable considering the time commitment and diligence of the Named Plaintiff in prosecuting this action on behalf of the Class Members and is consistent with service awards in similar cases.

18. Without affecting the finality of this Final Order in any way, the Court reserves exclusive and continuing jurisdiction over the Action for purposes of: (a) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Plan of Allocation, and this Final Order; (b) supervising the distribution of the Gross Settlement Fund and/or the Net Settlement Fund; and (c) resolving any dispute regarding a party's right to terminate pursuant to the terms of the Settlement Agreement.

19. In the event that the Settlement is terminated or does not become Final in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Final Order shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Settlement Agreement, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

20. There is no reason for delay in the entry of this Final Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

-9-

21. Therefore, the Motion for Attorney Fees and Costs and Service Award and the Motion for Approval of Settlement and Plan of Allocation of Settlement Proceeds are **GRANTED**.

IT IS SO ORDERED.

Dated: December 8, 2015  /s/Gershwin A Drain
Detroit, MI   HON. GERSHWIN A. DRAIN
   United States District Court Judge